MORELAND v. COMMON COUNCIL OF DETROIT.

1. COMMISSIONER OF PUBLIC WORKS—CONTRACTS FOR IMPROVEMENTS.

The charter of the city of Detroit (Act No. 415, Local Acts 1901) imposes upon the commissioner of public works the duty of making plans, drawings, and specifications for, and the supervision of the construction of, public buildings; and a contract with architects for such work, made by the city controller upon the authorization of the common council, is illegal.

2. SAME—INJUNCTION—PARTIES.

The commissioner of public works of Detroit may bring suit to restrain threatened encroachments upon the duties of his department.

Appeal from Wayne; Donovan, J. Submitted April 8, 1902. (Docket No. 46.) Decided April 11, 1902.

Bill by DeWitt H. Moreland, commissioner of public works of the city of Detroit, against the common council of said city, Francis A. Blades, city controller, and William G. Malcomson and William E. Higginbotham, to restrain the performance of a public contract. From a decree for complainant, defendants appeal. Affirmed.

The defendant the common council of the city of Detroit, contemplating certain alterations in and additions to the city hall, on November 5, 1901, by resolution, authorized the defendant the city controller to make a contract on behalf of the city with defendants Malcomson & Higginbotham, architects, for "preliminary sketches, general drawings, details and architectural specifications, and supervision of construction." The compensation to be allowed for such work was 5 per cent. of the value of the work involved, to be apportioned as follows: One per cent. for preliminary sketches, 2½ per cent. for general

drawings and specifications, and 1½ per cent. for supervision of construction. A contract was duly drawn in accordance with such resolution, and signed by the city of Detroit by the controller, and by the defendants. Complainant, the commissioner of public works, filed the bill of complaint in this cause to enjoin defendants from executing this contract on the ground that it is illegal and void. The defendants demurred to the bill, and the demurrer was overruled.

*Fred A. Baker*, for complainant.

*Timothy E. Tarsney*, for defendants common council and controller.

*John J. Speed*, for defendants Malcomson and Higginbotham.

GRANT, J. (*after stating the facts*). The commissioner of public works, by the act of the legislature of 1901 (Act No. 415, Local Acts), is clothed with the power, among other things, to "supervise the construction, repairing, and alterations of all public buildings." The act further provides that all moneys for such repairs, etc., shall be expended under his supervision, and under contract and specifications prepared by him and approved by the common council. He is also vested with all duties and functions theretofore vested in and exercised by the former board of public works. He is also to certify all bills, accounts, and claims, and transmit them to the city controller, who in turn submits them to the common council for allowance. Whenever peculiar skill is required in any such work, the common council is empowered to authorize the commissioner to employ a competent person to superintend the same, at a compensation not exceeding a sum to be stated in said resolution. Charter of 1893, p. 163, § 10. The charter also provides that, before proceeding with any public improvement, the common council shall refer the matter to the commissioner, who shall

forthwith proceed to examine and report on the same, giving detailed estimates of cost.

A similar question was presented in *Butler* v. *City of Detroit*, 43 Mich. 552 (5 N. W. 1078). The validity of the act establishing the board of public works was sustained, and the purpose of the act is there well stated at page 555. We also held in *Mills* v. *City of Detroit*, 95 Mich. 422 (54 N. W. 897), that the provision of the act requiring the common council to procure from the board of public works an estimate of the cost of any proposed improvement was mandatory, and that proceedings without such estimate were void. Making plans, drawings, specifications, and supervision of construction are necessary parts of such work. The act clearly imposes the duty of such work upon the commissioner. The resolution and contract are not only clear encroachments upon the authority of the commissioner, but virtually ignore his authority. The obvious purpose of the law is to compel the common council, at the beginning, to obtain from a responsible executive officer — the commissioner — plans, specifications, and estimates. For this purpose the council may authorize him to obtain the services of competent architects and builders. This is no encroachment upon the legislative power of the common council. It was not the design of the law to permit the common council, under a plea of preliminary work, to incur the expense of plans, specifications, and supervision of construction.

The complainant was the proper party to launch the suit. He is intrusted with the performance of the duties of his department, and may maintain a suit in equity to restrain threatened encroachments. There is, in fact, no other remedy, and it is doubtful if any other person could maintain such a suit.

The decree is affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.